### KIRKHAM *against* FOX.

Where an ac-
tion is removed
to this Court,
from a Court of
C. P., by *habeas
corpus*, the
plaintiff is enti-
tled to special
bail, if the de-
fendant   was
held to bail in
the Court be-
low, though, if
the  suit   had
been originally
commenced
here, no bail
would    have
been required.

THIS was an action of slander, originally commenced in the Court of Common Pleas of *Putnam* county, and removed into this Court by *habeas corpus*. By the rules and practice of the Court below, special bail may be required in an action of slander; and special bail had been filed in the cause, in that Court. On the return of the *habeas corpus* to this Court, the defendant filed common bail. The plaintiff claiming to be entitled to special bail, also, in this Court, after the usual rule for that purpose, sued out a *procedendo*.

*Nelson,* for the defendant, now moved to set aside the *procedendo,* on the ground, that this Court, in requiring bail on the return of a *habeas corpus* to a Court of Common Pleas, would be governed by the same rule as if the cause had been originally commenced in this Court; and he relied on the case of *Caldwell* v. *Blanchard,* (14 *Johns. Rep.* 331.)

*Todd,* contra, cited *Vosburgh* v. *Rogers,* (8 *Johns. Rep.* 91.) and *Bell* v. *Hall,* (12 *Johns. Rep.* 152.)

*Per Curiam.* There is no contradiction in the cases cited. If the defendant was held to bail in the Court below, the plaintiff is entitled to bail, on its removal here ; and though no bail should be required in the Court below, yet the plaintiff may insist upon special bail in this Court. The motion must be denied.

Motion denied.(*a*)

(*a*) Vide 1 *Dunlap's Pr.* 224.